# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## INFORMAL REPLY BRIEF OF PETITIONER/APPELLANT

Case Number: **2025-1379**

Short Case Caption: **Chae vs US**

Petitioner/Appellant: **Byungmin Chae**

> **Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 15 pages.
>
> You may attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Do not attach material already attached to your informal opening brief. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1. Have you received a copy of the respondent/appellee's response brief?
   ☑ Yes   ☐ No

   **STOP:** You may use this form to respond to arguments raised in the brief of respondent/appellee. If you have not received that brief, you may not file this form. **Do not proceed or file this form if you answered "No."**

2. What are your arguments in response to the respondent/appellee?

   *See the following pages*

3. Are there other arguments you wish to make?  ☐ Yes  ☑ No
   If yes, please state them.

Date: 7/15/2025

Signature: *Byungmin Chae*

Name: Byungmin Chae

I. The support for the claim

In the part of questions and answers on page 9 the defendant/appellee said that Mr. Chae did not identify the support for the claim in the portion of his informal brief or the document or legal authority from which the quotation "unconstitutional" was extracted. However, let me show you that in the appendix of the United States v. baxter court case 1 filed on 11/26/2018 on page 2 II. Discussion states that the fourth amendment protects citizens from "unreasonable searches and seizures of their persons, houses, papers and effects" U.S. Const., amend IV. And the fourth amendment protects the citizens from governmental intrusions into areas in which citizens have a "reasonable expectation of privacy".

(on page 2)

**II. DISCUSSION**

The Fourth Amendment protects citizens from "unreasonable searches and seizures" of "their persons, houses, papers and effects." U.S. Const., amend. IV. The Fourth Amendment protects citizens from governmental intrusions into areas in which citizens have a "reasonable expectation of privacy." *See, e.g., Byrd v. United States*, 138 S. Ct. 1518, 1526, 200 L.Ed. 2d 805 (2018). "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

And in the United States Court of Appeals, third circuit ruling no 18-3613 filed on February 21, 2020 on page 4 the district court of the Virgin Islands is quoted to conclude that **searches at that customs border for purposes of enforcing customs laws are less important than the interest of the United States in enforcing its own Constitution**.

(on page 4)

*Id.* at *14. But it concluded that searches at that customs border for purposes of enforcing customs laws are less important "than the interest of the United States in enforcing its own Constitution." *Id.*

These appendixes were already filed with my informal brief dated on jan 28 2025 in the docket no 3.

II.  Failure to consider important grounds for relief

the defendant/appellee said that any arguments or theories - even those that might have been based on the baxter decisions - should have been raised before the trial court in Chae I but when the initial court filing with the court of the international trade was made on the date of March 4 2020 as noted in the defendant/appellee's informal brief in part III the trial court decision in Chae I on page 4 the case of the baxter with the court was still going on and the case continued to move into the supreme court and ended on Jan 26 2021. Please see the docket history below

**This docket is current through 01/26/2021**

Today's Date: 1/11/2025
Source: U.S. SUPREME COURT, U.S. SUPREME COURT

**DISCLAIMER**

This Data is provided for informational purposes only and it is not the official record. For copies of the official record (of an incarceration, conviction or court filing record) contact the source agency or court. In addition to any obligations under your Subscriber Agreement, your use of this data may be governed by the Supplier Additional Terms (see Footer).

**CASE INFORMATION**

| | |
|---|---|
| Case Title: | STEVEN BAXTER v. UNITED STATES |
| Court: | U.S. SUPREME COURT |
| Case Number: | 20-5133 |
| Case Type: | APPEAL |
| Key Nature of Suit: | APPEALS (030) |
| Date Filed: | 07/22/2020 |

And this is why I could not include the case of the baxter to the court of international trade and it could not have been raised before the trial court in time and is based on the conduct that postdate the filing of the initial complaint.

Once again, when I took the exam, which was April 2018, the case of US vs. Baxter (Baxter I) was in place and was decided in November 2018 and held that the fourth amendment prohibits the warrantless examination and the warrantless search of the mail packages here would be unconstitutional and this in turn may invalidate 19 C.F.R. § 145.2 under fourth amendment.

In Conclusion, with the all the gounds above the case should be exception to the claim preclusion and my answer to the question 27 should be credited.

Thanks,

Byungmin Chae