Greetings,

Let me have your attention to the following in the support of my position.

There is not a general exception to res judicata for constitutional rights; instead, res judicata may be inapplicable in cases involving the vindication of constitutional rights, when the earlier proceeding failed to provide a full and fair opportunity to litigate the constitutional issue.

Here is when the **Res Judicata Might Not Apply in Constitutional Cases**

- **Lack of Full and Fair Opportunity:**

Res judicata requires that the parties had a full and fair opportunity to litigate their claims in the previous proceeding. If the previous case did not allow for the full presentation of a constitutional claim (e.g., due to fraud, mistake, or other circumstances), the claim might not be barred.

- **Different Causes of Action:** writ of Habeas Corpus
While res judicata aims to prevent re-litigation of the same claim, it can also be inapplicable if the claims in the two lawsuits are different. For instance, a case involving a First Amendment claim after an initial proceeding might involve a different cause of action, preventing the application of res judicata.

Please accept the new cause of action from the fourth amendment about the writ of habeas corpus / "warrantless examination and the search of the mail packages "as it was described in the previous statements from the Baxter case I.

Thanks for your cooperation.

Sincerely,

Byungmin Chae
Oct 4 2025

### Why Res Judicata May Not Apply

- **Habeas Corpus:** The doctrine of res judicata and collateral estoppel are typically inapplicable in habeas corpus petitions because the goal of habeas corpus is to protect against the illegal or unconstitutional detention of a person. The need to correct significant constitutional errors outweighs the need for the finality of litigation.

    Res judicata generally does not apply to habeas corpus petitions because habeas corpus is a fundamental remedy for unlawful detention that requires a more flexible standard to prevent wrongful imprisonment, though federal statutes and judicial discretion can limit successive petitions under certain circumstances. The core principle is to ensure that imprisonment is lawful, making it a constitutional imperative that cannot be absolutely barred by prior judgments.

✦ AI Overview

Res judicata, or "a matter judged," generally prevents re-litigating claims but **does not apply to habeas corpus petitions**, which challenge the legality of a person's detention. Although a previous habeas corpus denial might seem like a final judgment, the unique purpose of habeas corpus—to safeguard fundamental liberties against unlawful imprisonment—allows for subsequent petitions, especially when new constitutional arguments or factual evidence arise.

### Res Judicata

- **Definition**: A legal doctrine that prevents the same claim from being litigated more than once after a final judgment on the merits has been rendered.

- **Purpose**: To conserve judicial resources and promote finality in legal proceedings.

### Habeas Corpus

- **Purpose**: A legal writ used to challenge the legality of a detention or imprisonment, ensuring that a person is not deprived of their liberty without proper legal justification.

- **Scope**: Tests the lawfulness of the detention itself, not the guilt or innocence of the detainee. It is a "collateral attack" to challenge constitutional violations that may not have been addressed in the original trial or appeal.

### The Relationship

- **Non-Applicability**: Unlike most other legal claims, res judicata does not bar subsequent habeas corpus petitions, even after a prior petition has been denied.

- **Safeguarding Liberty**: This exception is rooted in the understanding that individual liberty is a fundamental right that should not be easily extinguished by procedural doctrines. The writ acts as a vital safeguard against arbitrary and unlawful detentions.

- **Historical Context**: The US Supreme Court has recognized the importance of habeas corpus and, in cases like *Ex parte Hawk*, established that while there is a requirement to exhaust state remedies, the federal courts should not be easily blocked by res judicata when fundamental rights are at stake.